[Civ. No. 60862. Second Dist., Div. Five. Dec. 7, 1981.]

LEO R. GURULE, Plaintiff and Respondent, v.
BOARD OF PENSION COMMISSIONERS OF THE CITY OF
LOS ANGELES, Defendant and Appellant.

## COUNSEL

Burt Pines, City Attorney, Siegfried O. Hillmer, Assistant City Attorney, and Beverly E. Mosley, Deputy City Attorney, for Defendant and Appellant.

Stillman, Furay, Green & Shinee and Ronald H. Stillman for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—Board of Pension Commissioners of the City of Los Angeles (appellant) appeals the granting of a petition for writ of man-

date filed by Leo R. Gurule (respondent) commanding appellant to find that respondent's permanent disability was service-connected.

In the course of his employment as a police officer, respondent sustained an orthopaedic injury and at some subsequent time sustained psychiatric disability. While still employed, respondent made an application for a service-connected disability pension pursuant to the provisions of section 190.12 of the Charter of the City of Los Angeles. After a hearing before appellant it was determined that respondent was incapable of performing his duties with the police department, but it was found that said incapacity was caused by reason of injuries other than injuries received in the discharge of his duties. Appellant concluded that respondent was only entitled to the benefit of a nonservice-connected disability pension.

A petition for writ of mandate to the superior court was timely filed by respondent and was heard on October 12, 1979. The administrative record was received into evidence and the court exercised its independent judgment and weighed the evidence and after considering both written and oral arguments the court granted respondent a service-connected disability retirement pursuant to section 190.12(a) of the Los Angeles City Charter. It is from this judgment that appellant appeals.

ISSUE ON APPEAL

The court arrived at its decision by applying the law as stated in *Gelman* v. *Board of Retirement* (1978) 85 Cal.App.3d 92 [149 Cal.Rptr. 225], and its interpretation of Government Code section 31720[1] which it applied to section 190.12(a) of the Los Angeles City Charter. Appellant concedes that *Gelman* correctly interprets section 31720 as it applies to service-connected disability claims but argues that the *Gelman* reasoning does not apply to section 190.12(a) of the Los Angeles City Charter because the wording of the two sections is essentially different.

DISCUSSION

The pertinent language in the two sections is as follows:

Section 190.12(a) provides: "(a) Service-Connected Disability. ... [A]ny System Member whom the Board shall determine has become

---

[1]Section 31720 pertains to claims made by Los Angeles County employees.

physically or mentally incapacitated *by reason of* injuries received or sickness caused by the discharge of the duties of such person as a Department Member, and who is incapable as a result thereof from performing his duties, shall be retired by order of the Board from further active duty as a Department Member. . . ." (Italics added.)

Government Code section 31720 provides: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if: (a) The member's incapacity *is a result of* injury or disease arising out of and in the course of the member's employment, . . ." (Italics added.)

The trial court held that the phrase ". . . by reason of . . ." in section 190.12(a) was identical in meaning to the phrase ". . . is a result of . . ." in section 31720.

In our *Gelman* opinion we held that it was not necessary under Government Code section 31720 for the employee to establish that his or her disability must be solely connected to an injury incurred in the course of the employment. The wording of the statute states his "incapacity is *a* result of injury or disease arising out of and in the course of his employment," not *the* result thereof. The basic principle enunciated by the opinion is that acceleration or aggravation of a preexisting condition is an incapacity that is *a* result of an injury arising out of the course of employment and therefore entitles the employee to a service-connected disability.

In our present case respondent had suffered numerous orthopaedic injuries while in the course and scope of his employment as a police officer. Prior to the orthopaedic injuries he had never had or suffered from any psychiatric disability. Respondent was examined at the request of appellant by four psychiatrists. In addition, there were medical reports from two other psychiatrists and two psychologists. Four of the psychiatrists were in agreement that the psychiatric disability which they perceived at the time of their examination was significantly related to respondent's orthopaedic injuries. Three other doctors were in agreement with the four psychiatrists. One doctor was of the opinion that the psychiatric disability was not job related. All of the parties to this appeal agree that in sum the medical reports demonstrate that respondent's psychiatric disability is threefold: (1) it is in part attributable to preexisting characterological deficiencies; (2) it is in part attributable to stresses placed upon him as a police officer, and (3) it is in part the re-

sult of the orthopaedic injuries sustained while performing his duties. We thus have substantial evidence to support the trial court's determination that respondent's psychiatric disability was *a* result of injuries sustained in his employment.

■ Appellant argues that the trial court erred in ruling that subsection (a) of section 190.12 provides a service-connected disability pension where the injury only aggravates or accelerates a preexisting condition. He contends the trial court in reading subsection (a) should not have placed the emphasis on the phrase "... by reason of injuries received ... by the discharge of (his) duties ..." but instead should have placed the emphasis on the later phrase in the section that states "... caused by the discharge of (his) duties ..." Such emphasis, appellant claims, establishes that the disability must be solely or predominantly attributable to an injury received while performing the duties of a police officer.

The trial court disagreed, and its reasoning is expressed in its minute order of October 22, 1979, which states: "The Court has seriously considered but rejects respondent's argument that the provisions of the City Charter require a different result here than reached in the *Gelman* case and others like it. In *Gelman*, the Court was dealing with a statute providing for a service connected disability where the incapacity was 'a' result of service connected injury. The Court carefully points out that the result might be different if the statute required that the injury be 'the' result of the service connected injury. The language of Sec. 190.12 of Article XVIII of the Charter does not make the distinction which might cause a different result to be reached here. The operative language is that service connected disability is to be found where the employee is '... incapacitated by reason of injuries received or sickness caused by the discharge of the duties of such person...."

"*The standard of causation* [italics added] is thus set by interpretation of the phrase '... by reason of ...' which means the same as 'a result of.' The Charter could have been written to read 'incapacitated as *the* result of,' or 'incapacitated *predominantly* as the result of,' or 'incapacitated *solely* by reason of,' but was not."

We agree with the trial court's interpretation. The last portion of the court's minute order emphasizes that the standard of causation for the physical or mental incapacitation is preceded by the words "... by reason of ..." which means the same as "as a result of." The court then

emphasizes, as we did in *Gelman*, that the section could have been written to specifically require that the injury must be predominantly or the sole result of the work-connected disability. The phrase that appellant relies on is found later in the section and does not change the meaning as interpreted by the trial court, but is consistent therewith in that there must be *some* connection between the disability and the claimant's employment.

Appellant contends the court should have considered the policy behind the new pension system[2] that includes section 190.12 in arriving at its conclusion. It is claimed that subsection (b) of 190.12[3] was enacted to also protect employees with only marginal service-connected disability claims, and therefore subsection (a) of the same section can only apply to a service-connected claim that is substantially related to the disability. This argument is unpersuasive. The language of subparagraph (b) does not include a claimant such as respondent. It covers employees who do not have service-connected disability claims. The clear language is " ... by reason of injuries ... other than injuries caused by the discharge of the duties of such person ... ." Instead of supporting appellant's position, subparagraph (b) emphasizes the correct interpretation placed on subparagraph (a) by the trial court. In view of the correct finding that respondent's disability was in some manner service-connected, subparagraph (a), not (b), was the only applicable section.

Another reason cited by appellant for adopting its argument is that section 31720 of the Government Code was amended after the *Gelman* opinion to provide that an employee's service-connected disability must be substantially caused by an injury or disease arising in the scope of his or her employment. This argument, however, adds further credence to the trial court's decision in which it pointed out that the framers of the city charter could easily have used clarifying terminology that would have made it clear that such a result was intended. *Gelman* was decided on September 26, 1978. The present new pension system em-

---

[2]This so-called new pension system was adopted in 1967.

[3]Section 190.12(b) provides: "(b) Nonservice-Connected Disability. ... [A]ny System Member whom the Board shall determine has become physically or mentally incapacitated by reason of injuries or sickness other than injuries received or sickness caused by the discharge of the duties of such person as a Department Member, and who is incapable as a result thereof from performing his duties, and if the Board further shall determine that such disability was not due to or caused by the moral turpitude of such System Member, shall be retired by order of the Board from further active duty as a Department Member. ... "

bodying section 190.12 was adopted in 1967. As noted in *Gelman*, pension legislation must be liberally construed, as pension provisions are founded upon sound public policy that seeks to protect, in proper cases, the pensioner and his dependents against economic insecurity. Numerous California cases have held that language similar to that found in section 190.12(a) must be liberally construed to provide a service-connected disability to injuries that merely aggravated preexisting conditions. (See *Dillard* v. *City of Los Angeles* (1942) 20 Cal.2d 599 [127 P.2d 917]; *Bradley* v. *City of Los Angeles* (1942) 55 Cal.App.2d 592 [131 P.2d 391]; *Faber* v. *Board of Pension Commissioners for the City of Los Angeles* (1943) 56 Cal.App.2d 825 [133 P.2d 404].) It is therefore quite obvious that after *Gelman*, the wording of 190.12(a) was suspect and the charter should have been amended, as was section 31720, to clearly define its coverage.

The judgment is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.